What's going on in the next case, TSD Enterprise v. Secora. All right, argument for the appellant. All right, please proceed. Your honors, Ms. McElroy, may it please the court. My name is Terry Walker, and I'm here on behalf of the plaintiff appellant, TSD Enterprise, LLC. At this time, I'm requesting that we allow three minutes for rebuttal. This case was brought seeking injunctive relief, enforcing an employment-restrictive covenant. The trial court dismissed the account for injunctive relief pursuant to 735 ILCS 52-615, finding the plan has an adequate remedy of law. I am respectfully requesting that this court reverse the order of the trial court, deny the defendant's motion to dismiss, and remand this matter back to the trial court for further proceedings. The sole issue that I'm addressing is whether the plaintiff's complaint sufficiently alleges that the plaintiff does not have an adequate remedy of law for defendant's violation of the restrictive covenants. Under jurisdiction, excuse me, this is an appeal from an interlocutory order of the court refusing to grant injunctive relief pursuant to Illinois Supreme Court Rule 307A1. On June 26, 2015, the trial court entered an order denying, or excuse me, granting the defendant's motion to dismiss account one of plaintiff's complaint. Such count saw a preliminary injunction. On July 16, 2015, the plaintiff appellant filed a tiling motion to reconsider that June 26, 2015 order. On January 13, 2016, the trial court denied the motion to reconsider. Plaintiff appellant seeks reversal of the trial court's orders on June 26, 2015, January 13, 2016. I'll briefly summarize some of the facts that are relevant to this case. The plaintiff employed defendant as a massage therapist at plaintiff's business location in O'Fallon, Illinois, which is in Sinclair County. Through his employment with the plaintiff, the defendant established and maintained relationships with plaintiff's customers such that defendant, upon termination with the plaintiff, would have the ability to take the customers from the plaintiff to his new place of employment. Upon a commencing employment and a consideration of employment with the plaintiff, the defendant executed a non-competition, non-solicitation, and confidential information agreement on March 17 of 2009. This agreement contained a covenant restricting the defendant for 12 months after termination of employment from engaging in any business and competition with plaintiff within a five-mile radius. The agreement also states that the defendant acknowledges that the restrictions in the agreement are reasonable and necessary to protect plaintiff's legitimate business interests and that any violation thereof would entitle the plaintiff to obtain temporary, preliminary, permanent, and judgmental relief in addition to other remedies. On November 21, 2014, the defendant voluntarily terminated his employment with the plaintiff. He then commenced employment with Massage Lux in Fairview Heights, which is located less than five miles from the plaintiff's business in O'Fallon. Defendant, in violation of the non-compete agreement, solicited numerous clients from the plaintiff, thus causing substantial and reputable injury to the plaintiff. This injury is a constant and frequent occurrence that cannot be had at law, is ongoing, and is not able to be prevented or rectified by final judgment at trial. Plaintiff has no adequate remedy at law for the injury it has sustained because money damages are inappropriate, inadequate, or hard to calculate or quantify, and plaintiff will continue to sustain said injury unless defendant's conduct is restrained. Defendant filed a motion to dismiss in several rounds, one of which was that the plaintiff had not sufficiently alleged that the plaintiff did not have an adequate remedy at law. After hearing the motion to dismiss, counsel to the plaintiff argued that the plaintiff did not have an adequate remedy at law because the nature of the competition between plaintiff and Massage Lux makes it difficult to determine which clients went from plaintiff's business to Massage Lux, how many clients were indirectly directed to Massage Lux by the defendant's clients, and how many clients plaintiff would lose in the future. The trial court entered in order to deny the motion to dismiss as to count two, the money damages, but granted the motion to dismiss as to count one for injunctive relief. The basis for dismissal of count one was solely for the plaintiff to have an adequate remedy at law. The plaintiff then filed a timely motion to reconsider. After hearing, counsel to the plaintiff argued that sufficient facts were alleged to show that the plaintiff does not have an adequate remedy at law, but that the trial court was summarily dismissing count one for facts that were not in the record, rather than allowing the plaintiff the opportunity to prove the facts through discovery and trial. Without having an evidentiary hearing, the trial court denied the motion to reconsider. In order to determine whether the complaint is sufficiently alleged as a cause of action for injunctive relief, the court has to determine whether the allegations, when construed in the light most favorable to the plaintiff, state sufficient facts to establish a cause of action upon which relief can be granted. All facts apparent from the face of the complaint, including any attached exhibits, must be considered. A circuit court should not dismiss a complaint under Section 2-615 unless it is clearly apparent no set of facts can be proved that were entitled to plan for recovery, and I'm citing the case of Haley v. Doe, the only Supreme Court case from 2015. Further, there was no evidentiary testimony in this matter. No parties were called to testify, and no witnesses were sworn. Therefore, the facts that are alleged in the complaint, along with the contract attached thereto, should be taken as true to determine whether the plaintiff sufficiently alleged a cause of action upon which relief can be granted. Once a proper deference is given to the facts contained in the complaint, it is clear that the allegations meet the requirements necessary for injunctive relief. In order to be entitled to injunctive relief, a party is required to establish, by preponderance of the evidence, that he possesses a certain and clearly ascertainable right which needs protection, that he would suffer irreparable injury without protection of the injunction, that there is no adequate remedy in law, and that he is likely to prevail in their merits. Citing A-Tech Computer Services, Incorporated v. Suhu, it's at 254 LF3D 392 at page 399, first district case assigned in 1994. In the case at hand, the trial court did not find that the plaintiff does not possess a certain and clearly ascertainable right that needs protection. It did not find that the plaintiff would not suffer irreparable injury without protection of the injunction. It also did not find that the plaintiff is not likely to prevail in the merits. It solely found that the plaintiff has an adequate remedy in law. The defendant argued, and the court agreed, that the plaintiff could simply learn through discovery the identity of the clients that were once clients of the plaintiff and are now clients of Massage Lux and calculate concrete damages thereafter. However, it's not that simple. Although the plaintiff may be entitled to money damages, the potential loss of future business is incapable of adequate compensation. Once a protected interest is established, irreparable injury is presumed to follow if the interest is not protected. This is cited in the case of McGrann v. Deland, 138 LF3D 1045 at page 154, first district case decided in 1985. The threat and loss of future customers and revenue make a plaintiff's remedy in law inadequate, cited in Eagle Books, Inc. v. Jones, 130 LF3D 407 at page 411, a fourth district case decided in 1985. The existence of a remedy in law does not deprive equity of its power to grant injunctive relief unless the remedy is adequate. The fact the ultimate relief may be a money judgment does not deprive the court of the power to grant a preliminary injunction, cited in All Seasons Excavating Company v. Bluetart, 229 LF3D page 22 at page 28, a first district case decided in 1992. In the case at hand, although the court did not provide any detail as to why it concluded that the plaintiff has no adequate remedy of law, the statements from the court during the August 17, 2015 hearing provide insight into the court's reasoning. During that hearing, the court stated that after conclusion of discovery, the court may be able to measure the amount of damages to the plaintiff. As stated above, the eventual ability to determine damages does not foreclose the ability of a party to seek injunctive relief. The court also failed to account for the competition present between plaintiff and defendant's new employer. While pecuniary damages may be calculated, loss of competitive position is intangible and incapable of being measured, citing A-Tech Computer Services at page 401. Businesses enter into noncompetition clauses to deal with potential loss of future sales. The loss of profits arising from potential sales are incapable of adequate computation, thus making money damages an inadequate remedy of law. The loss of a competitive position is intangible, but real damage is not readily measurable. And therefore, the harm suffered by the plaintiff cannot be adequately remedied in law, citing Petrozilka v. Gorchak, 199, ILF 3D, 120 at pages 124 and 125, the second district case decided in 1990. The potential loss of profits and customers by plaintiff's competition in the geographical area establishes an inadequacy of a legal remedy, citing Central Works Water Works Supply v. Fisher, 240, ILF 3D, 952 at pages 959 and 960, the fourth district case from 1993. The United States Court of Appeals of the Seventh Circuit has held that competition changes probabilities. This makes it difficult for an entity to identify the future business that it will lose. For this reason, ongoing competition itself is a sufficient basis for relief, making money damages inadequate, citing Hess, Newmark, Owens v. Owens, 415F3, 630 at pages 632 and 633, Seventh Circuit case decided in 2005. In McGrann v. Beeland, case decided earlier, 138, ILF 3D, 1045, the employer required several of his employees to execute agreements, obtaining restrictive covenants as a condition of employment. The restrictive covenant that McGrann and one of the employees signed stayed in irrelevant part for a period of two years, following his termination of employment, McGrann shall not solicit business related to the services or products of the kind generally rendered or furnished by McGrann, or rendered or furnished such services and products to any of McGrann's past or current clients for which McGrann or its employees have rendered services billed to any such client at any time during the two-year period immediately prior to his termination of employment. That's citing McGrann at page 1049. The agreement in McGrann also provided a liquidated damages provision whereby McGrann would be required to pay 30% of all fees and commissions earned with respect to any client or prospective client of McGrann for which the employee subsequently rendered services. The agreement further provided that injunctive relief would be appropriate to prevent future violations. Subsequent to the execution of the agreements, McGrann and another employee resigned their positions with the employer and started their own competing business. The employer sought to enforce a restricted covenant through injunctive relief. The employees argued, among other things, that the employer had an inadequate remedy at law. However, the court rejected that argument. Instead, the court held that it would be difficult to ascertain money damages because the effects may be far reaching than the time set out in the employment agreement. It also held the liquidated damages provision does not operate as a bar to injunctive relief enforcing a covenant not to compete. The court also found it noteworthy that the parties agreed to injunctive relief. Their agreement would be appropriate to prevent future violations in addition to damages for past violations. With those findings, the court held that the employer did not have an adequate remedy at law. That's citing McGrann at page 1055. In the case of Barr, the employee executed voluntary non-competition agreement as a condition of employment. The agreement contained similar restrictions to the agreement, excuse me, in McGrann, and the parties agreed that injunctive relief would be appropriate to protect the employer's interests. In alleging that a remedy at law is inadequate, the plaintiff has stated in his complaint that through defendant's employment with plaintiff, defendant established and maintained a relationship with plaintiff's customers such that defendant upon termination of employment with plaintiff would have the ability to take customers from plaintiff. Defendant engaged in business of the same or substantially similar to any business in which plaintiff is engaged and within a five mile radius. Third, defendant solicited and accepted business from customers or clients of plaintiff for products or services that are similar to or competitive of products or services sold by plaintiff. Fourth, defendant diverted business from plaintiff by influencing or attempting to influence any customers or clients of plaintiff. Fifth, the substantial and irreparable injury that plaintiff has suffered through defendant's breach and continued employment at Massage Lux is a constant and frequent occurrence that cannot be had at law, is ongoing, and is not able to be prevented or rectified by final judgment at trial. And sixth, plaintiff has no adequate remedy at law for the injury as sustained as money damages are inappropriate, inadequate, or hard to calculate or quantify. And plaintiff will continue to sustain said injury unless defendant's conduct is restrained. If the facts alleged in the complaint are viewed in the light most favorable to the plaintiff, plaintiff has sufficiently alleged that it does not have an adequate remedy at law because the defendant's breach of the agreement by working for a competitor renders the future losses as incapable of being measured and that injunctive relief is appropriate in order to prevent future losses. For the foregoing reasons, the plaintiff respectfully requests that this court reverse the order of the trial court, deny the defendant's motion to dismiss, and remand this matter back to trial for further proceedings. Do you have any questions of me at this time? Yes, I do. Counsel, the defendant, the athlete raised questions of our court's jurisdiction. Okay. And I'm looking at your complaint in count one, the count of issue, and it appears from your prayer clause that you're just, you were seeking a temporary restraining order pending a hearing on the plaintiff's motion for a preliminary injunction. And I see no reference in your prayer clause to asking for a permanent injunction. And although there is the paragraph D, such other and further relief as the court needs for us. Yes. So my first question is, is that correct? You were just seeking at most a preliminary injunction. And secondly, I understand you filed a motion for temporary restraining order and for a preliminary injunction, but that was not heard. Correct. And was that ever noticed that to be heard? At this point, I don't remember. I'm sorry, Your Honor. Okay. My apologies. I was a trial judge. I don't remember if that happened. Okay. Well, is it correct that you were just seeking, you were not seeking a permanent injunction? Originally, that's what he had written. But then he, at the second hearing, he had asked for all three, if I'm not mistaken, in the rhetoric. He being a trial counsel? I'm sorry about that. I'm a trial judge. I'm a trial attorney in this case. Okay. I was not the trial attorney at this matter. Well, that's my question. I didn't see anything where you were seeking permanent injunctive relief. At some point in time that we got into the trial, we probably would have amended the plea to request that to keep him from going forward. We wanted him not to be practicing competition within that five-mile radius. If he was wanting to go into competition, it needed to be outside the five miles. We were wanting him to enjoin him from doing that. Permanently or temporarily? Well, we wanted him temporarily at the initial hearing or to have a full-blown hearing to determine, you know, get the discovery, get the evidence in place. And if we found that, yes, there was an ongoing problem, yes, we would ask for permanent injunctive relief to force him to stop doing business against us within a five-mile radius of a client's business. You responded to my question. Yeah. I don't think we have any further questions. Thank you, counsel. Argument for the affidavit. May it please the Court, Counselor? My name is Tammy McElroy, and I represent the defendant in this matter, the FLE, Aaron Socorro. I'd like to start where the Court just inquired, and that would be at jurisdiction, whether or not dishonorable court has jurisdiction of this matter. The plaintiff in this case filed a two-count complaint, and the action lied in essentially breach of contract. My client, Mr. Socorro, was a massage therapist. He worked for the plaintiff, Massage Envy, providing massages to their customers. Massage Envy is basically a company that offers a membership to people. They come in. They meet with people at the front desk. They schedule an appointment with a massage therapist, and the idea, the goal of the business is to get that person to come back every month. So it's sort of a massage-a-month club, essentially. Mr. Socorro worked there as a massage therapist. He wasn't in sales. He just basically performed one of the services. He didn't have access to client lists or trade secrets. He wasn't privy to any of the actual sales. He just did the service that was sold by the company. He didn't have any specialized training by the company. He essentially just provided massages. He did, in fact, come in contact with a variety of the plaintiff's customers. Some of those people became regular customers. Some of those people saw a different massage therapist the next time they came in. The complaint filed by the plaintiff in this case essentially sought two alternative remedies. The first one would have been they were asking essentially for specific performance of the contract in terms of the non-compete clause, and that would be that they were essentially asking that the court enjoin Mr. Socorro from working within the specified geographical range for the specified period that's laid out in the contract. The second count asked for money damages. So we proceeded to have a hearing on the motion, Mr. Socorro's motion to dismiss. At that hearing, I brought a combined motion pursuant to the rules asking that the matter be dismissed for failure to state a cause of action and also pursuant to 2-619. The plaintiff in this case, the court obviously dismissed the first count, the count that sought an injunctive relief ultimately. And the plaintiff in this case filed a motion to reconsider. The plaintiff did not ask the court to clarify its ruling. They did not ask that the court make more specific findings for the record. But now the plaintiff presents to this court that this court should assume that because the court ruled that the first count was dismissed because it found that there were adequate damages, the plaintiff would like you to conclude that that means the court found that the other three elements existed. In fact, that is not the case. I don't think that's the only logical conclusion that could be drawn. I further don't think that the only logical conclusion is that the court found that count one was dismissed pursuant to 2-615. I think the court could have also found that it violated public policy in Illinois and that the potential customer base that the plaintiff was seeking to protect was far greater than what's allowable under the law. Which brings me back to the jurisdiction issue. So the plaintiff has stated that this is an appeal from an interlocutory order where in fact we would argue that this is in fact a final order, a final order on the first count and that it settled the rights and the damages that the plaintiff could seek if he in fact prevailed on his breach of contract action. And that the order itself was not interlocutory. He was not seeking to just maintain the status quo until the resolution of the case. He in fact was seeking to enjoin the defendant in this court here and as a result what he was asking for and what the trial court did was a final order. And because of that I believe that this honorable court lacks jurisdiction on the matter. Counsel, let me follow up on that. That was the question I was trying to get to with the appellate's counsel. If the plaintiff was seeking a permanent injunction, where is that pled? I couldn't find where it was pled. In the prayer clause it was just pled as a TRO and a preliminary injunction. Now I've not reviewed the separate motion that was filed, but I'm thinking it makes a difference as far as how do we have jurisdiction under this, of this case, either under 307 or 304. 307 deals with temporary restraining orders and preliminary injunctions. Where, as you correctly stated, involving permanent injunctive relief, then we're under 304. So you say, well, where was that pled as far as the plaintiff was seeking permanent injunctive relief? I would argue to this court that the plaintiff's complaint was ill-pled, poorly worded, and that if you review the record in its entirety, taking arguments of counsel, the plaintiff's counsel, at the motion to dismiss hearing and the motion to reconsider, that it becomes apparent that that in fact was what they were seeking, was for specific performance and thus a permanent injunction. Did you say not a permanent injunction? A permanent. Well, a permanent injunction in that after the resolution of the case there would be an injunction for a specific period of time. So it wouldn't be unlimited in duration, but it would be the duration as laid out in the restrictive covenant. Okay. And you were trial counsel? I was. Okay. And is it correct the motion for temporary restraining order or for temporary preliminary injunction was never called and never heard? It was never called and never heard.  It essentially mirrored the complaint, which I think further goes to show that that portion of the complaint, count one, was in fact not just a preliminary injunction to preserve the status quo until the resolution of count two, but that it was really for asking the court to enjoin it for a specific period of time. If this court were to look at what the standard of review should be, if the matter comes before the court on a motion to dismiss, then this court's review would be de novo. However, if it comes before the court on a review of the denial of the temporary restraining order or preliminary injunction, then this court's review should be under an abuse of discretion scenario, which is what led me to this jurisdictional issue. When I began to draft my brief, it became apparent to me that perhaps this issue was not right because it could dispose of, potentially if this court reviewed the contract in a de novo type scenario, this court would have the authority and power to basically invalidate the contract to hold it unenforceable, which would dispose of the second count, which clearly is not before this court, which is why I believe jurisdiction is absolutely at issue in this case. If this honorable court disagrees with me, though, I would also point out that the plaintiff's complaint does not list any specific facts to support their theory of the case. They've given the defendant, Mr. Skora, no idea exactly what they're pleading, and so they plead broad legal conclusions. They say they have a legitimate business interest, and to support the idea that they have a legitimate business interest, they simply cite to the contract, which again uses conclusory broad legal statements. I would also point out to this court that the plaintiffs here cite two cases that involve covenants that are ancillary to the sales of businesses, and there is a broad distinction between covenants that are ancillary to the sales of a business and covenants that are ancillary to an employment contract. And the reason for that is because the business interest is different, and the parties' bargaining power is also different. Here we have an at-will employee. The case that was cited, one of the main cases cited by the plaintiff would be McRand. In that particular case, what the court found there was that you had some individuals that were upper management. They had access to highly sensitive information. The corporation itself spent millions of dollars in an extremely long period of time, usually two to three years, to develop a particular client. And so when these upper management gentlemen left, they left and formed their own business, and that business directly competed. So this wasn't a case where it was a lower-level employee in an at-will situation who went to work for a totally separate competitor. Instead, what you had was them actively competing in a brand-new business. And the court found there what was significant was that there was a near-permanent customer relationship, and that's absent here. There are no facts for flood that would indicate that these clients or these customers should be protected. And furthermore, it would be against public policy to find that future clients who aren't even visiting the plaintiff's place of business, that they would be protectable because that would be a complete restraint on trade and competition. Those people don't even exist. It would also be overly broad to state that customers of Massage Envy, who had zero contact with the defendant, Mr. Sikora, that those were also protected, as clearly he could not have been the but-for cause of them leaving Massage Envy and going to a competitor. Because of those reasons, and because of the reasons in my brief, we would respectfully request that this court find that the new trial court did not err in dismissing that warrant. Any further questions? Madam Lisa, thank you, counsel. Are we by the argument? Yes, thank you, madam. Yes, I apologize for not being very clear on your name in your previous question, dealing with jurisdiction. And counsel, Ms. McElroy, you've also raised it in your defense. In the prayer for labor count one, it does request a temporary restraining order under Part A, and under Part B, requesting the court grant an order providing for expedited discovery, and hearing day of plaintiff's most preliminary injunction. Therefore, I'd argue that pursuit of the Supreme Court Rule 307A-1 is also confirmed by the case, the Namboghe case here in the Fifth District, that an interlocutory appeal is a matter of right under those situations, so we don't need a 304 for A finding or B hearing, so you do have jurisdiction. Second, regarding some of the other arguments you made regarding the contracts, the court in count two did not dismiss count two on the contract. We're not here on the validity of the non-competitive agreement. We're not here for that reason. We're strictly on the narrow issue of the allegations, whether we've pled enough to get injunctive relief, and also whether we have jurisdiction, and yes, under 304A-1, as confirmed by the Fifth District case in Namboghe, we do have jurisdiction, and we did place sufficient facts, and we'd ask that you go ahead and reverse the trial order to the court and deny that it was dismissed and remanded for further proceedings. Thank you. Thank you, counsel, and thank you for your briefs. We'll take this case under adjournment.